**IT IS HEREBY ADJUDGED and DECREED this is SO ORDERED.**

**Dated: August 17, 2004**



*Sarah Curley* (signature)
**SARAH S. CURLEY**
U.S. Bankruptcy Judge

---

Edward J. Maney, #12256
CHAPTER 13 TRUSTEE
P.O. Box 10434
Phoenix, Arizona 85064
(602) 277-3776
ejm@maney13trustee.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | In Proceedings Under Chapter 13 |
| TIMOTHY J. NOLAND, | Case No. 2-03-09789-PHX-SSC |
| | **DISMISSAL ORDER** |
| Debtor. | |

It having been shown to the Court that the Debtor has failed to comply with the Court requirements concerning:

1. Pursuant to the Trustee's Recommendation Re: First Amended Chapter 13 Plan dated March 18, 2004 (docket #61) and the Court's Order granting Debtor's Motion to extend time to comply (docket #70), the Debtor has failed to resolve or respond to all of the issues raised in the Trustee's Recommendation, bring and maintain Plan payments as current and timely submit a Stipulated Order Confirming on or before June 10, 2004.

2. The Debtor's Plan payments are now $10,634.48 delinquent.

3. No further motions for extension of time appear on the Court's docket.

4. **If the Debtor(s) object to this Dismissal Order, the Trustee requires the Debtor(s) to set this matter for hearing.**

**NOW THEREFORE, IT IS ORDERED,**

(A) This case is dismissed and the Clerk of the Court will give notice of the dismissal to all creditors;

(B) A motion to reinstate the case may be granted without a hearing if the Trustee approves the proposed reinstatement order. If the Trustee does not approve reinstatement of the case, the matter may be set for hearing upon the Debtor(s) motion. The Court may set a hearing on the Debtor(s) motion to reinstate on the request of an interested party who had joined the Trustee's request for dismissal;

(C) Pursuant to 28 U.S.C. §586(e)(2), the Trustee shall be paid his percentage fee from all payments received from the Debtor(s);

(D) After payment of the Trustee's percentage fee, the Trustee will retain the Debtor(s) funds pending Court approval of the payment of administrative expenses of the Debtor(s) attorney. If the Debtor(s) Chapter 13 Plan contained an Application for the Payment of Administrative Expenses to the Debtor(s) attorney and no party filed an objection to the Application, the Debtor(s) attorney may lodge an order approving the Application within ten days after the Court enters this Dismissal Order. Alternatively, the Debtor(s) attorney has ten days from the date the Court enters this Dismissal Order to file a separate fee application;

(E) If the Court previously entered a payroll deduction order on one or both of the Debtor(s) wages, the Court vacates that order; and

(F) Except as may be stated herein, all pending adversary proceedings, contested matters, and administrative hearings relating to this case are vacated.

Dated:_____

_____
SARAH SHARER CURLEY
U.S. BANKRUPTCY JUDGE

Lodged with the Court on the
\_\_\_\_ day of _____, 2004 and
copies mailed to:

ALLEN D. BUTLER, ESQ.
2342 S MCCLINTOCK DR
TEMPE AZ 85282

TIMOTHY J. NOLAND
4040 E MCLELLAN #7
MESA AZ 85205

_____
Clerk, Chapter 13 Trustee

*GRANTED*

2

Case 2:03-bk-09789-SSC    Doc 81    Filed 08/17/04    Entered 08/18/04 14:04:30    Desc
Main Document    Page 2 of 2